UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

CIVIL ACTION NO. 08-CV-214-JMH

RANDALL SHARP,                                                    PLAINTIFF,

VS:                          <u>**MEMORANDUM OPINION AND ORDER**</u>

RENTWAY, et al.,                                                  DEFENDANTS.

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Randall Sharp, a federal prisoner currently confined at a
Bureau of Prisons facility, the Forrest City Correctional Complex,
in Forrest City, Arkansas, has initiated a civil action with the
filing of a self-styled Complaint alleging violations of his civil
rights.  He has already been granted permission to proceed *in forma
pauperis* by separate Order.

The Complaint is now before the Court for screening.  28
U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th
Cir. 1997).  In the Court's screening, as with all pleadings
submitted by *pro se* litigants, the pleading is held to less
stringent standards than those drafted by attorneys.  *Burton v.
Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190
F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations
of the *pro se* litigant are taken as true and liberally construed in
his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).
However, the Court must dismiss a case at any time if it determines

the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief.  28 U.S.C. § 1915(e)(2)(B).

<u>CLAIMS</u>

Plaintiff claims violations of his rights under the Fourth and Fifth Amendments of the U.S. Constitution and a violation of Kentucky law.

<u>DEFENDANTS</u>

The Plaintiff names "Rentway Inc.," in Harrodsburg, Kentucky, as the sole known Defendant.  He also seeks to sue three RentWay employees whose names are not now known to him: the RentWay manager and two other employees who purportedly came onto his property and seized his computer without permission.

<u>RELIEF REQUESTED</u>

Plaintiff seeks compensatory and punitive damages.

<u>FACTUAL ALLEGATIONS</u>

Plaintiff alleges that on or about May 11, 2006, two unidentified RentWay employees came to his home when he was not there, threatened his wife in order to gain access, and retrieved a computer which he had rented from RentWay.  After the RentWay personnel discovered illegal content on the computer, they contacted law enforcement.  Sharp states that he had found the material already on the computer but was in the process of erasing it when these events happened.

As a result of RentWay's actions, Plaintiff was arrested and "to make sure the wrong person didn't get blamed, [I] had to take responsibility of what was found." He complains of the strain on his marriage, the loss of his job, and his ultimate sentence of more than 11 years in prison. He claims to have sought the name of the RentWay manager and the identity of other "people responsible for this travesty of justice," but they have refused to give him any information. Additionally, he complains that they will not give him a copy of the contract he had signed for the computer.

## JUDICIAL NOTICE

The Court takes judicial notice that it was in this Court that Randall Sharp was prosecuted and plead guilty to conspiracy to receive and distribute child pornography, in violation of 18 U.S.C. § 2252(b)(1). *United States v. Randall Ray Sharp*, E.D. Ky. No. 5:06-CR-98-JMH. On December 11, 2006, he was sentenced to 151 months imprisonment.

The record in Sharp's criminal case shows that although he tried to appeal, it was dismissed, on the motion of the government, the appellate court finding that Sharp had waived his right to appeal as part of his plea agreement. Record No. 44. Recently, on April 7, 2008, he filed a *pro se* Motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has not yet responded to the Motion.

## DISCUSSION

3

Plaintiff appears to think that he has brought a civil rights lawsuit for damages for violations of his federal rights, authorized under 42 U.S.C. § 1983 or pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

To establish a right to relief under § 1983, the plaintiff must plead and prove two essential elements.  He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996).

As to the second requirement for stating a Section 1983 claim, the plaintiff's allegations must show that the defendants' conduct was fairly attributable to the state, *Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982); *Simescu v. Emmett County Dep't of Social Servs.,* 942 F.2d 372, 374 (6th Cir.1991); that is, the challenged action must have been taken under color of state law.  *See generally NCAA v. Tarkanian,* 488 U.S. 179, 191 (1988).  "State employment is generally sufficient to render the defendant a state actor."  *Loggins v. Franklin County, Ohio*, 219 Fed.Appx. 466, 471 (6th Cir. 2007) (quoting *W. v. Atkins*, 487 U.S. 42, 49-50 (1988)).

4

In *Bivens,* the Supreme Court created a right of action for damages against *federal* officers who are alleged to have violated a citizen's constitutional rights. *Bivens,* 403 U.S. 388; *Correctional Services Corp. v. Malesko,* 534 U.S. 61, 66, 122 S.Ct. 515, 519 (2001). Such claims against federal officials are the counterpart to suits under 42 U.S.C. § 1983 against state officials. *See Butz v. Economou,* 438 U .S. 478, 503-04 (1978).

Therefore, in a similar manner, to state a claim that is cognizable as a *Bivens* action, the plaintiff must also plead two essential elements. He must make the same first showing, *i.e.,* that he has been deprived of rights secured by the Constitution or laws of the United States; however the second requirement is that the defendants allegedly depriving him of those rights acted under color of *federal* – not *state* – law. *Bivens*, 403 U.S. at 397.

The two component analysis under *Bivens* is identical to that under Section 1983 *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *Green v. Tennessee Dept. of Human Services*, 2008 WL 2074113, 5 (M.D.Tenn. 2008) (citing *Ruff v. Runyon,* 258 F.3d 498, 502 (6th Cir.2001) (collecting cases)). Therefore, the Court scrutinizes the identities and allegations about the Defendants herein to see if they were acting under color of state or federal law.

In the instant case, the Plaintiff has named a corporation and private persons who work for that corporation as his Defendants. He has failed to show that any of these Defendants, known or

unidentified, was acting under color of state law or federal law. Therefore, Plaintiff Sharp does not state a cognizable civil rights claim and dismissal is mandated, *sua sponte*, upon screening.  28 U.S.C. 1915(e)(2); *McGore*, 114 F.3d at 607-8.

The Plaintiff's Complaint is liberally construed as also asserting a state claim.  Sharp repeatedly refers to the RentWay employees illegally coming on his property.  He also denies that he ever gave RentWay permission to enter his premises to get the computer, and he  attaches to his Complaint a copy of some of Kentucky's Consumer Protection provisions.  He has circled and underlined the following:

> 367.979 **Prohibited provisions**
>
> A rental-purchase agreement shall not contain a provision:
>     (1) Requiring a confession of judgment;
>     (2) Requiring a garnishment of wages;
>     (3) Granting authorization to the lessor of a person acting on the lessor's behalf to <u>enter unlawfully upon the consumer's premises</u> or to commit any breach of the peace in the repossession of goods;
>     . . . .

K.R.S. 367.979 (1)-(3) (1990).

To the extent that the Plaintiff thereby states a compensable claim for a violation of state statute, a federal court has discretion as to whether to entertain pendent jurisdiction over state claims filed in connection with and arising out of the same facts as § 1983 actions.  *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987).  However, when the federal claims

6

against the defendants should be dismissed, then the pendent state claims should be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory v. Hunt, et al.*, 24 F.3d 781 (6th Cir. 1994).  In fact, "such a dismissal [is] in accordance with the usual course of proceedings in this circuit." *Swiecicki v. Delgado*, 463 F.3d 489, 503 (6th Cir. 2006) (citing, *Brandenburg v. Hous. Auth. of Irvine,* 253 F .3d 891, 900 (6th Cir.2001)).

Finally, even were the Plaintiff's allegations not so fatally flawed, there is another total bar to this action, under Section 1983, *Bivens*, or state law.  The state Statute of Limitations for personal injuries under state law also governs civil rights claims under the constitution. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Frisby v. Board of Education of Boyle County*, Ky. App., 707 S.W.2d 359, 361 (1986).  In Kentucky, a personal injury claim must be brought within one year after the cause of action accrues. K.R.S. 413.140(1)(a).  Additionally, the same one-year limitations period applies to "[a]n action for malicious prosecution, conspiracy, arrest, seduction, criminal conversation, . . . ." K.R.S. 413.140(1)(c).

Therefore, because this action arose in Kentucky, the Statute of Limitations which this Court must apply for the state claims and the civil rights claims is one year. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Collard v. Kentucky Board of Nursing*,

896 F.2d 179, 182 (6th Cir. 1990)) (§ 1983 actions in Kentucky are limited by the one-year statute of limitations found in K.R.S. 413.140(1)(a)); *see also University of Kentucky Bd. of Trustees v. Hayse*, 782 S.W.2d 609 (Ky. 1989), *cert. denied*, 497 U.S. 1025 (1989) and 498 U.S. 938 (1990).

Sharp complains of events which allegedly occurred on or about May 11, 2006. Yet he did not file the instant lawsuit until two years later, on May 12, 2008. The filing was, therefore, not timely presented, and its untimeliness is an alternative basis for dismissal.

Accordingly, **IT IS ORDERED:**

(1) That the Clerk of the Court shall correct the Court's docket and electronic information to reflect that Plaintiff's name is Randall Sharp, not Ronald Sharp; and

(2) That Sharp's action herein will be **DISMISSED**, *sua sponte*, from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This the 19th day of June, 2008.



Signed By:

**_Joseph M. Hood_**

**Senior U.S. District Judge**